IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICKY M. PATTERSON, | ) |
| Plaintiff, | ) Civil Action No. 16-659 |
| v. | ) |
| | ) United States Magistrate Judge |
| CORRECT CARE SOLUTIONS, LLC., | ) Cynthia Reed Eddy |
| WEXFORD HEALTH SOURCES, INC.; | ) |
| and MARY COMER, PA-C; | ) |
| BYUNGHAK JIN, M..D., c/o SATE | ) |
| CORRECTIONAL INSTITUTE AT | ) |
| GREENE, | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**[1]

**Cynthia Reed Eddy, United States Magistrate Judge**

This is a civil rights and medical malpractice action initiated by Plaintiff Ricky M. Patterson, by and through his counsel. Plaintiff is an inmate currently incarcerated at the State Correctional Institution at Pittsburgh. He alleges that while he was previously confined at SCI-Greene, Defendants exhibited gross delay in the diagnosis of his Classic Hodgkin's Lymphoma, thereby violating the Eighth Amendment to the United States Constitution and constituting negligence under Pennsylvania law. (Am Compl., ECF No. 15).

Pending before the Court is a motion to dismiss (ECF No. 32) filed by Defendants Correct Care Solutions, LLC and Wexford Health Sources, Inc. (collectively "Defendants"), which the Court converted into a motion for summary judgment on August 9, 2016, (ECF No. 34). In support of their motion, Defendants claim that Plaintiff's action should be dismissed

---

[1] In accordance with 28 U.S.C. § 636(c), the undersigned has full consent of the parties to conduct any and all proceedings in the case, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 45, 46, 47.

1

against them because Plaintiff has failed to properly exhaust his administrative remedies in accordance with the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).[2] (ECF No. 33). According to Defendants, Plaintiff did not identify either Correct Care or Wexford Health in his grievance.[3] Id. Thus, they assert that they are entitled to be dismissed from this action.

However, as Plaintiff notes in his brief in opposition, the relevant grievance is very detailed and specifically states that "Dr. Jin's policy is a reflection of the deficiencies *in your medical care system*, that created a risk of the kind that delayed treatment and resulted in my current condition." (Ex. A at 5, ECF No. 33-1) (emphasis added). Plaintiff reiterated these assertions in his appeal to the Facility Manager. (Id. at 11).[4] Plaintiff accurately argues that under the circumstances, he "was not required to specifically name private corporations in order to properly exhaust the [applicable] administrative remedies." (ECF No. 38 at 5) (citing Giamboi v. Prison Health Servs., 2014 WL 12495641, at *8 (M.D. Pa. 2014), *Report and Recommendation adopted.*, 2015 WL 12159307 (M.D. Pa. 2015) ("[C]ourts have found that it is sufficient if an inmate complains in a grievance about the actions or conduct of a corporation's employees, in relation to his or her medication care, without specifically naming the corporation.")); Merritt v. Fogel, 2010 WL 3489152, *2 (W.D. Pa. 2010), *Report and Recommendation adopted*, 2010 WL 3448618 (W.D. Pa. 2010) ("[T]he Court does not believe it is necessary for Plaintiff to name in his grievance the corporations that employ medical personnel who are alleged to have denied medical treatment so long as the institution is fairly put on notice, as it was here, that the actions of

---

[2] The PLRA provides, in relevant part, that "No action shall be brought with respect to prison conditions under Section 1983 … or any other Federal Law, by a prisoner … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

[3] Notably, Defendants do not challenge whether Plaintiff properly exhausted his § 1983 against the individual Defendants Dr. Jin and Comer.

[4] Plaintiff appealed this grievance to the final level of appeal on January 15, 2016. (ECF No. 33-1 at 2, 14)

the employees of the corporation are at issue.").

The Court agrees with Plaintiff that a fair reading of his grievance leads to the conclusion that this grievance fairly put moving Defendants on notice that the corporate actions, as well as the actions of their staffs, were at issue. Because Defendants' only challenge is that he failed to specifically identify private medical corporations in his grievance, Defendant has failed to establish this affirmative defense.

**AND NOW**, this 20th day of October, 2016, upon consideration of Defendants' motion to dismiss (ECF No. 32), converted into a motion for summary judgment (ECF No. 34), together with all filings submitted by the parties in connection herewith (ECF Nos. 33, 35, 36, 38), it is hereby **ORDERED** that said motion is **DENIED**.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF